PEOPLE *v.* SHEPPARD

1. CRIMINAL LAW—ATTEMPTED LARCENY—ELEMENTS.
   The elements of attempted larceny in a building are: one, a felonious intent to commit larceny in a building, and two, an overt act going beyond mere preparation towards committing the crime.

2. CRIMINAL LAW—ATTEMPTED LARCENY—ELEMENTS.
   A defendant need not have seen the money in a cash register in order to be convicted of attempted larceny.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 April 6, 1971, at Grand Rapids. (Docket No. 11081.) Decided April 30, 1971.

Andrew Sheppard was convicted of attempted larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert L. O'Hara,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and R. B. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Larceny §§ 9–54.

PER CURIAM. The defendant was charged with attempted larceny in a building. MCLA § 750.360 (Stat Ann 1954 Rev § 28.592) and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287). After a nonjury trial he was found guilty and sentenced to a term of 1-1/2 to 2 years in prison.

The appeal questions the trial court's denial of the defendant's motion for a directed verdict in which he alleged that the *corpus delicti* had not been proven because there was no testimony that he actually saw the money in the cash register. The people move to affirm the conviction.

The elements of the crime, felonious intent to commit larceny in a building and an overt act going beyond a mere preparation towards the commission of the crime, were clearly established by the testimony. *People* v. *Bowen* (1968), 10 Mich App 1, 7. It was not necessary to the conviction that the defendant actually see the money in the cash register. The question sought to be reviewed is so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.